IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                No. CR 15-2731 JCH

FRANCISCO ESQUIBEL,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR FURLOUGH FROM CUSTODY

THIS MATTER comes before the Court on Defendant Francisco Esquibel's Motion for Furlough from Custody. ECF No. 32. As grounds for the motion, Defendant states that on January 4, 2016, his fiancé gave birth to the couple's child. Defendant states that there were complications with the delivery and both Defendant's fiancé and the infant were hospitalized for several days. Defendant therefore requests a twenty-four hour furlough to assist his fiancé – who Defendant claims has no immediate family nearby—while she recovers from surgery. Alternatively, Defendant requests a contact visit with his infant daughter. Having reviewed the motion, and being otherwise fully advised, the Court **DENIES** Defendant's motion for the reasons set forth below.

    **I.**     **Analysis**

On July 31, 2015, a federal grand jury returned an indictment charging Defendant with felon in possession of a firearm and ammunition contrary to 18 U.S.C. § 922(g)(1) and 924(a)(2). ECF No. 4. At the detention hearing scheduled for August 6, 2015, Defendant waived his right to a detention hearing and stipulated to his detention (although his counsel noted that he reserved his right to move for release based on the discovery of new information). ECF Nos. 15-16; Oral

1

Transcript of 8/6/15 hearing.  The Court ordered that Defendant be detained pending trial.  *Id*.  Trial is currently set in this matter for March 21, 2016.  ECF No. 31.

Upon review of Defendant's motion and the pretrial services report, the Court will deny Defendant's request for a furlough from pretrial detention.  The Court makes this determination after considering whether Defendant is a flight risk or presents a danger to the community.  *See* 18 U.S.C. § 3142; *United States v. Anderson*, No. CR 08-2936, 2009 WL 2431951 (July 29, 2009) (analyzing the defendant's request for a furlough with reference to whether he is a flight risk and whether he posed a danger to the community). As to ensuring Defendant's appearance at future proceedings, the Court notes that the pretrial services report states that Defendant lacks a verifiable residence, has numerous prior failures to appear, previous instances of noncompliance with Court orders, and prior substance abuse issues.  The combination of these factors demonstrates that Defendant is a flight risk and counsels against granting Defendant a furlough.  With regard to whether Defendant is a danger to the community, the Court notes Defendant's extensive criminal history and the fact that, since he was twenty-one, only short periods of time have passed between arrests when Defendant has been out of custody.  The Court further notes that the current charges against Defendant involve a firearm and that his criminal history includes domestic abuse charges.  In fact, as of the date of Defendant's pretrial services report, charges of battery against a household member and child endangerment were pending against Defendant in state court.  The alleged victim in that case is the same person Defendant is requesting a furlough to visit.  Given these facts, the Court concludes that Defendant's request for a twenty-four hour furlough shall be **DENIED.**

As to Defendant's request for a contact visit while in custody, the Court will defer this decision to those charged with enforcing the policies and procedures of the facility in which

Defendant is housed. *See United States v. Balderama*, No. CR 03-2170, 2015 WL 1323466 (March 9, 2015) (denying Defendant's motion for a contact visit and leaving the question to the sound discretion of the United States Marshals Service). Accordingly, Defendant's request to have the Court order such a contact visit is **DENIED.**

    **IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE