# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

>    **Plaintiff,**

>                        **Case No.  1:15-cr-02731-JCH**

**FRANCISCO ESQUIBEL, JR.,**

>    **Defendant.**

## ORDER DENYING OPPOSED MOTION FOR IMPOSITION OF TEMPORARY CONDITIONS OF RELEASE TO ATTEND FUNERAL

**THIS MATTER** is before the Court on defendant Francisco Esquibel, Jr.'s Opposed Motion for Imposition of Temporary Conditions of Release to Attend Funeral, filed on October 5, 2023.  Doc. 93.  Both the United States and Mr. Esquibel's probation officer oppose the motion.  *Id*. at 2.  For the following reasons, the Court DENIES Mr. Esquibel's motion.

On November 18, 2022, Mr. Esquibel's probation officer filed a Petition for Revocation of Supervised Release.  Doc. 69.  The petition alleges that between October 12, 2022, and November 16, 2022, Mr. Esquibel submitted five urine samples that showed Mr. Esquibel was using methamphetamines.  *Id.*  The last sample also was positive for fentanyl.  *Id.* at 2.  The petition also alleges that Mr. Esquibel failed to participate in outpatient substance abuse treatment as required.  *Id.* at 2.

Mr. Esquibel was not arrested on this petition until July 11, 2023.  Doc. 75.  According to the United States, law enforcement officers finally found Mr. Esquibel while they were investigating a reported in-progress breaking and entering.  Doc. 90 at 1.  When he was questioned by law enforcement officers, Mr. Esquibel concealed his identity and later resisted his

arrest.  *Id.*  He was charged with attempted breaking and entering; concealing identity; resisting, evading, or obstructing an officer; and attempting to escape from a peace officer.  *Id.* at 1–2.  Mr. Esquibel was transferred to federal custody, and the state charges were dismissed.  *Id.*

On July 14, 2023, the Court held a detention hearing.  Doc. 82.  At the hearing, Mr. Esquibel waived his right to contest his detention.  Doc. 18.  The Court found that by this waiver, Mr. Esquibel had failed to establish by clear and convincing evidence under Fed. R. Crim. P. 32.1(a)(6) that he would not flee or pose a danger to any other person or the community.  Doc. 83.  Mr. Esquibel's final revocation hearing is set for November 14, 2023.  Doc. 86.

Mr. Esquibel now seeks a ten-hour release from custody under 18 U.S.C. § 3142(i) so that he can attend his father's funeral on October 13, 2023.  Doc. 93 at 1.  Although the government suggests that § 3142(i) may not apply in these circumstances, Doc. 90 at 3, the Court need not decide that question because Mr. Esquibel has not presented the Court with sufficient reasons to warrant his release.  First, relief under § 3142(i) should be used sparingly.  *United States v. Alderete*, 336 F.R.D. 240, 266 (D.N.M. 2020).  Second, Mr. Esquibel bears the burden of proof under § 3142(i) in showing that his temporary release is "necessary . . . for another compelling reason."  *See United States v. Clark*, 448 F. Supp. 3d 1152, 1155 (D. Kan. Mar. 25, 2020); *United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. Apr. 2, 2012).  The Court has not found a case in this District or Circuit that suggests that the desire to attend a loved one's funeral is a "compelling" reason for temporary release within the meaning of the statute.  Further, many detained defendants lose loved ones while in custody.  Temporary release to attend funerals would drastically increase the use of § 3142(i) and is not a "compelling" reason that justifies temporary release under that statute.

2

In addition, as Judge Browning explained:

> The decision whether to release a defendant temporarily under § 3142(i) is . . . intertwined with the factors that the . . . judicial officer consider(s) at the defendant's detention hearing[] because the risk of nonappearance and danger to the community are front and center in the judicial officer's mind as he or she decides how compelling the defendant's reason for temporary release is. These factors never go away.

*Alderete*, 336 F.R.D. at 269. Mr. Esquibel does not bear his burden of proving under Rule 32.1(a)(6) that he will not flee or pose a danger to any other person or the community if he is temporarily released. In fact, the evidence is to the contrary. The circumstances under which Mr. Esquibel came into federal custody show that he poses a substantial flight risk. Those circumstances also show that he continues to pose a danger to the community. In addition, his underlying conviction in this case is for being a felon in possession of a firearm. His prior convictions include conspiracy to commit armed robbery, aggravated battery with a deadly weapon, another felon in possession offense, receiving or transferring a stolen vehicle, and trafficking controlled substances. Doc. 41 at 7–10. This criminal history supports the Court's conclusion that Mr. Esquibel is a danger to the community.

Although Mr. Esquibel assures the Court that he will abide by any conditions imposed by the Court during his temporary release, these assurances do not overcome the overwhelming evidence that he is both a flight risk and a danger to the community. Further, although Mr. Esquibel also suggests that the U.S. Marshal Service (USMS) could transport him to his father's funeral, Doc. 93 at 5, he provides no authority that suggests that the Court could order the USMS to perform this service, nor is the Court inclined to place this burden on the USMS.

**IT IS THEREFORE ORDERED** that defendant Francisco Esquibel, Jr.'s Opposed

Motion for Imposition of Temporary Conditions of Release to Attend Funeral (Doc. 93) is

denied.

DATED:  October 5, 2023.

Laura Fashing
United States Magistrate Judge